UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

RODNEY JENKINS,

      Plaintiff,

v.                          Case No:

MIDLAND CREDIT
MANAGEMENT, INC.,
                                <u>DEMAND FOR JURY TRIAL</u>

      Defendants.
_____/

**<u>PLAINTIFF'S COMPLAINT WITH INJUNCTIVE RELIEF SOUGHT</u>**

      **COMES NOW**, Plaintiff, **RODNEY JENKINS** ("Mr. Jenkins" or "Plaintiff"), by and through the undersigned counsel, and hereby sues and files this Complaint and Demand for Jury Trial with Injunctive Relief Sought against Defendant and **MIDLAND CREDIT MANAGEMENT, INC.** ("Defendant" or "Debt Collector"), and in support thereof states as follows:

*<u>Introduction</u>*

1.      This action arises out of an alleged "Debt" or "Consumer Debt" as defined by Fla. Stat. § 559.55 (6) and Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et. seq.* ("FDCPA"), and the Florida Consumer Collection Practices Act, Fla. Stat. § 559.72 *et. seq.* ("FCCPA"), by attempting to collect such Debt after Defendants knew that the Debt had been discharged in Mr. Jenkins' Chapter 7 bankruptcy case, and by contacting Mr. Jenkins directly when Defendants had actual knowledge that Mr. Jenkins was represented by counsel with respect to the alleged Debt.

### *Jurisdiction and Venue*

2.      This Court has subject matter jurisdiction over the instant case arising under the federal question presented in the FDCPA pursuant to 28 U.S.C. § 1331.

3.      Venue lies in this District pursuant to 28 U.S.C. § 1391 (b) and 15 U.S.C. § 1692k (d) and Fla. Stat. § 559.77 (1), as a substantial part of the events or omissions giving rise to the claims occurred in this judicial district.

### *Parties*

4.      Plaintiff, Mr. Jenkins, was and is a natural person and, at all times material hereto, is an adult, a resident of Pinellas County, Florida, a "consumer" as defined by 15 U.S.C. § 1692a (3), and a "debtor" or "consumer" as defined by Fla. Stat. § 559.55 (8).

5.      Further, Mr. Jenkins is an "alleged debtor" within the meaning of Fla. Stat. § 559.55.

6.      At all times material hereto, Debt Collector was and is a limited partnership with its principle place of business in the State of CA, and its registered agent, Corporation Service Company, located at 1201 Hays Street, Tallahassee, FL 32301.

7.       Further, at all times material hereto, Debt Collector is a "Consumer Collection Agency" as defined by Fla. Stat. § 559.55 (3) and/or a "Debt Collector" as defined by Fla. Stat. § 559.55 (7) and 15 U.S.C. § 1692a (6).

### *Statements of Fact*

8.      Mr. Jenkins opened a credit card with Capital One Bank, N.A. for personal use, that was assigned a unique account number ending 5299 ("Account").

9.      Sometime thereafter, Mr. Jenkins encountered financial difficulties and fell behind on his payments towards the Account and incurred an outstanding balance owed thereunder ("Debt").

10.     On June 25, 2019, Mr. Jenkins filed a Chapter 7 Bankruptcy Petition ("Petition") in the U.S. Bankruptcy Court for the Middle District of Florida, Case No. 8:19-bk-06006-RCT ("Bankruptcy Case").

11.     Mr. Jenkins identified Capital One Bank, N.A. as a creditor in his Petition with a total claim of $5, 254.55 under the Account. *See* **Exhibit A, p. 25, § 4.5.**

12.     Mr. Jenkins' Petition also identified his counsel's name and contact information, which notified all of Mr. Jenkins' creditors, including Capital One Bank, N.A., that Mr. Jenkins was represented by counsel with respect to all debts.

13.     On or around June 28, 2019, Capital One Bank, N.A. received notice of Mr. Jenkins' Bankruptcy case via electronic transmission from the Bankruptcy Noticing Center. *See* **Exhibit B.**

14.     On or around September 25, 2019, the Court entered an order granting Mr. Jenkins' discharge in his Bankruptcy Case ("Discharge Order"). *See* **Exhibit C.**

15.     On or around September 27, 2019, Capital One Bank, N.A. received notice of the Discharge Order via electronic transmission from the Bankruptcy Noticing Center. *See* **Exhibit D.**

16.     Despite receiving notice of the Discharge Order and Mr. Jenkins' attorney representation, Capital One Bank, N.A. then sold, assigned, or transferred the Debt to Debt Collector for collection purposes.

17.     Under information and belief, Capital One Bank, N.A. notified Debt Collector about the Bankruptcy Case at the time of the sale, assignment, or transfer of the Account to Debt Collector.

18.     Under information and belief, Capital One Bank, N.A. notified Debt Collector about Mr. Jenkins' attorney representation at the time of the sale, assignment, or transfer of the Account to Debt Collector.

19.     In or around January of 2020, Debt Collector began sending collection letters directly to Mr. Jenkins in attempts to collect the Debt.

20.     For example, on January 1, 2020, Debt Collector sent Mr. Jenkins a letter in connection with collection of the Debt ("Collection Letter 1").  *See* **Exhibit E.**

21.     Collection Letter 1 was directly addressed to Mr. Jenkins, identified the Account, demanded a total amount due of $5,254.55; represented that "this is a communication from a debt collector, this is an attempt to collect a debt, any information will be used for that purpose;" represented that once the Debt is paid then Defendant will stop calling and sending collection letters; and offered options for payment, including by phone, by mail, or by online portal.  *See* **Exhibit E.**

22.     On February 7, 2020, Debt Collector sent Mr. Jenkins another letter in connection with collection of the Debt ("Collection Letter 2").  *See* **Exhibit F.**

23.     Collection Letter 2 was directly addressed to Mr. Jenkins, identified the Account, demanded a total amount due of $5,254.55; represented that "this is a communication from a debt collector, this is an attempt to collect a debt, any information will be used for that purpose;" represented that once the Debt is paid then Defendant will

stop calling and sending collection letters; and offered options for payment, including by phone, by mail, or by online portal. *See* **Exhibit F.**

24.    On April 7, 2020, Debt Collector sent Mr. Jenkins another letter in connection with collection of the Debt ("Collection Letter 3"). *See* **Exhibit G.**

25.    Collection Letter 3 was directly addressed to Mr. Jenkins, identified the Account, demanded a total amount due of $5,254.55; represented that "this is a communication from a debt collector, this is an attempt to collect a debt, any information will be used for that purpose;" represented that once the Debt is paid then Defendant will stop calling and sending collection letters; and offered options for payment, including by phone, by mail, or by online portal. *See* **Exhibit G.**

26.    On May 20, 2020, Debt Collector sent Mr. Jenkins another letter in connection with collection of the Debt ("Collection Letter 4"). *See* **Exhibit H.**

27.    Collection Letter 4 was directly addressed to Mr. Jenkins, identified the Account, demanded a total amount due of $5,254.55; represented that "this is a communication from a debt collector, this is an attempt to collect a debt, any information will be used for that purpose;" represented that once the Debt is paid then Defendant will stop calling and sending collection letters; and offered options for payment, including by phone, by mail, or by online portal. *See* **Exhibit H.**

28.    At no time has the Debt been declared to be non-dischargeable in bankruptcy.

29.    At no time has Mr. Jenkins reaffirmed the subject Debt.

30.    Debt Collector's Collection Letter 1, Collection Letter 2, Collection Letter 3, and Collection Letter 4 (collectively "Collection Letters") were sent to Mr. Jenkins in an attempt to collect the Debt.

### *Count 1: Violation of the Fair Debt Collection Practices Act ("FDCPA")*

31.    Mr. Jenkins re-alleges paragraphs 1-30 and incorporates the same herein by reference.

32.    Mr. Jenkins is a "consumer" within the meaning of the FDCPA.

33.    The subject debt is a "consumer debt" within the meaning of the FDCPA.

34.    Debt Collector is a "debt collector" within the meaning of the FDCPA.

35.    Debt Collector violated the FDCPA. Debt Collector's violations include, but are not limited to, the following:

    a.    Debt Collector violated 15 U.S.C. § 1692c(a) by directly mailing the Collection Letters to Mr. Jenkins after Debt Collector knew Mr. Jenkins was represented by an attorney with respect to such Debt and had knowledge of, or could readily ascertain, such attorney's name and address.

    b.    Debt Collector 15 U.S.C. § 1692e(2)(A) by falsely representing the legal status of the Debt as still personally owed by Mr. Jenkins and not discharged pursuant to the Discharge Order in Mr. Jenkins' Bankruptcy Case when it sent him the Collection Letters.

   c. Defendant violated 15 U.S.C. § 1692e(10) by sending Mr. Jenkins Collection Letters in attempt to collect the Debt and falsely representing the legal status of the Debt as not discharged pursuant to the Discharge Order in Mr. Jenkins' Bankruptcy Case when it sent Mr. Jenkins Collection Letters.

   d. Defendant violated 15 U.S.C. § 1692f(1) by attempting to collect the Debt that Defendant knew was not permitted by law to collect pursuant to the Discharge Order.

36. As a result of the above violations of the FDCPA, Mr. Jenkins has been subjected to illegal collection activities for which he has been damaged.

37. Debt Collector's actions have damaged Mr. Jenkins by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Jenkins is represented by counsel with respect to the Debt.

38. Debt Collector's actions have damaged Mr. Jenkins by invading his privacy.

39. Debt Collector's actions have damaged Mr. Jenkins by causing him embarrassment.

40. Debt Collector's actions have damaged Mr. Jenkins by causing him emotional distress.

41. Debt Collector's actions have damaged Mr. Jenkins by causing him to lose sleep.

42.    Debt Collector's actions have damaged Mr. Jenkins by causing him stress.

43.    Debt Collector's actions have damaged Mr. Jenkins by causing him anxiety.

44.    Debt Collector's actions have damaged Mr. Jenkins by causing him aggravation.

45.    It has been necessary for Mr. Jenkins to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

46.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

    a.    Awarding statutory damages as provided by 15 U.S.C. § 1692k(a)(2)(A);

    b.    Awarding actual damages;

    c.    Awarding costs and attorneys' fees; and

    d.    Any other and further relief as this Court deems just and equitable.

***Count 2: Violation of the Florida Consumer Collection Practices Act ("FCCPA")***

47.    Mr. Jenkins re-alleges paragraphs 1-30 and incorporates the same herein by reference.

48.    Debt Collector violated the FCCPA. Debt Collector's violations include, but are not limited to, the following:

    a.    Debt Collector violated Fla. Stat. § 559.72(9) by misrepresenting the legal right to collect the Debt when

Debt Collector knew that no such right existed because Defendant received notice that the Debt had been included in the Bankruptcy Case and discharged pursuant to the Discharge Order.

b. Debt Collector violated Fla. Stat. § 559.72(18) by contacting Mr. Jenkins after Debt Collector knew Mr. Jenkins was represented by an attorney with respect to such Debt and has knowledge of, or could readily ascertain, such attorney's name and address.

49.   As a result of the above violations of the FCCPA, Mr. Jenkins has been subjected to unwarranted and illegal collection activities and harassment for which he has been damaged.

50.   Debt Collector's actions have damaged Mr. Jenkins by violating his right to not be contacted directly regarding the Debt when Debt Collector had actual knowledge that Mr. Jenkins is represented by counsel with respect to the Debt.

51.   Debt Collector's actions have damaged Mr. Jenkins by invading his privacy.

52.   Debt Collector's actions have damaged Mr. Jenkins by causing him embarrassment.

53.   Debt Collector's actions have damaged Mr. Jenkins by causing him emotional distress.

54.    Debt Collector's actions have damaged Mr. Jenkins by causing him to lose sleep.

55.    Debt Collector's actions have damaged Mr. Jenkins by causing him stress.

56.    Debt Collector's actions have damaged Mr. Jenkins by causing him anxiety.

57.    Debt Collector's actions have damaged Mr. Jenkins by causing him aggravation.

58.    It has been necessary for Mr. Jenkins to retain the undersigned counsel to prosecute the instant action, for which he is obligated to pay a reasonable attorney's fee.

59.    All conditions precedent to this action have occurred.

**WHEREFORE**, Plaintiff respectfully requests this Court to enter a judgment against Debt Collector as follows:

a.   Awarding statutory damages as provided by Fla. Stat. § 559.77;

b.   Awarding actual damages;

c.   Awarding punitive damages;

d.   Awarding costs and attorneys' fees;

e.   Ordering an injunction preventing further wrongful contact by the Defendant; and

f.   Any other and further relief as this Court deems just and equitable.

## <u>DEMAND FOR JURY TRIAL</u>

Plaintiff, Rodney Jenkins, demands a trial by jury on all issues so triable.

Respectfully submitted this **June 25, 2020**,

*/s/ Kaelyn Steinkraus*
Kaelyn Steinkraus, Esq.
Florida Bar No. 125132
kaelyn@attorneydebtfighters.com
Law Office of Michael A. Ziegler, P.L.
Debt Fighters
2561 Nursery Road, Suite A
Clearwater, FL 33764
(p)  (727) 538-4188
(f)  (727) 362-4778
*Counsel for Plaintiff*

,